UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

RONNIE JOE PARKER,

              Plaintiff,

v.

JOEL D. BLACKERBY, DOUGLAS
LANDY, KIM DEAN, and CLIFTON
SPRINGS HOSPITAL,

              Defendants.

**DECISION AND ORDER**

6:16-CV-06475 EAW

---

## INTRODUCTION

Plaintiff Ronnie Joe Parker ("Plaintiff") brings this action alleging violations of his constitutional rights. (Dkt. 1). Plaintiff filed an amended complaint on January 10, 2017, (Dkt. 6), and a second amended complaint on February 14, 2017.[1] (Dkt. 8). The Court is required to screen Plaintiff's second amended complaint due to Plaintiff's *in forma pauperis* status. *See* 28 U.S.C. § 1915(e)(2). Also before the Court is Plaintiff's motion to appoint counsel. (Dkt. 9).

For the reasons stated below, Plaintiff's defamation and right to privacy claims must be dismissed. The remainder of Plaintiff's second amended complaint may proceed

---

[1] Plaintiff was granted leave to file an amended complaint following the Court's review of Plaintiff's original complaint pursuant to 28 U.S.C. § 1915(e)(2). (*See* Dkt. 5). He did so within the time prescribed by the Court. (*See* Dkt. 6). Thereafter, Plaintiff filed a second amended complaint. (Dkt. 8). To the extent that Plaintiff was required by Fed. R. Civ. P. 15 to secure permission from the Court before filing a second amended complaint, such leave is hereby granted as being in the interest of justice, and Plaintiff's second amended complaint is deemed the operative pleading in this action. Such leave is particularly appropriate as the amended complaint was never served.

to service. Additionally, Plaintiff's motion to appoint counsel is denied without prejudice.

## FACTUAL BACKGROUND

Plaintiff was indicted on April 10, 2014, for threatening the life of the President of the United States, in violation of 18 U.S.C. § 871. *United States v. Parker*, 6:14-CR-06045, Dkt. 11, at *1 (W.D.N.Y. Apr. 10, 2014). Plaintiff was alleged to have "told a special agent of the United States Secret Service that he was going to 'find him (the President) and kill him. . . .'" *Id.* Plaintiff was released on bail, but shortly thereafter he violated the conditions of his pretrial release, his release was revoked, and he was detained until the conclusion of the trial. *See Parker*, 6:14-CR-06045, Dkt. 36 (W.D.N.Y. Dec. 15, 2014). A jury trial commenced on September 8, 2015, and Plaintiff was acquitted when the jury returned its verdict on September 10, 2015. *See Parker*, 6:14-CR-06045, Dkt. 78 (W.D.N.Y. Sept. 10, 2015).

Plaintiff filed this action on July 8, 2016, alleging violations of his constitutional rights relating to his arrest, incarceration, and prosecution. (Dkt. 1).

## DISCUSSION

### I. Plaintiff's Second Amended Complaint

Plaintiff raises nine claims in his second amended complaint: (1) false arrest; (2) violation of his First Amendment rights; (3) malicious prosecution; (4) false imprisonment; (5) a general tort claim; (6) a "loss of liberty" claim; (7) negligence; (8) defamation; and (9) a violation of Plaintiff's "Fourth Amendment Right to Privacy." (Dkt. 8).

A.  **Standard of Review**

The Court has reviewed the complaint with respect to the § 1915(e)(2) criteria. Under § 1915(e)(2), the Court must conduct an initial screening of Plaintiff's complaint. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss the complaint if it is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* "An action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact." *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999).

In evaluating the complaint, a court must accept as true all of the plaintiff's factual allegations, and must draw all inferences in the plaintiff's favor. *See, e.g., Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even *pro se* pleadings must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").

"[A] district court should look with a far more forgiving eye in examining whether a complaint rests on a meritless legal theory for purposes of section [§ 1915(e)] than it does in testing the complaint against a Rule 12(b)(6) motion." *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990). In determining whether a complaint survives a Rule 8 notice inquiry, the plaintiff need "only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "So long as the [*in forma pauperis*] plaintiff raises a cognizable claim, dismissal on the basis of factual deficiencies in the complaint must wait until the defendant attacks the lack of such details on a Rule 12(b)(6) motion." *Nance*, 912 F.2d at 607.

B. **Threshold Issues**

1. **Claims Against Blackerby are Cognizable under *Bivens***

Plaintiff asserts that Defendant Joel D. Blackerby ("Blackerby"), a United States Secret Service agent, violated Plaintiff's constitutional rights in various ways. (Dkt. 8). In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court found a private right of action for monetary damages for the violation of one's constitutional rights by a federal agent acting under color of his authority. *Bivens*, 403 U.S. at 389; *see, e.g., Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009). "The purpose of the *Bivens* remedy 'is to deter individual federal officers from committing constitutional violations.'" *Arar*, 585 F.3d at 571 (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001)). To the extent that Plaintiff states a claim for relief against Blackerby, such claims are cognizable under *Bivens*.

2. **Plaintiff's Claims Against Landy, Dean, and Clifton Springs May be Cognizable under 42 U.S.C. § 1983**

Plaintiff also alleges that Defendants Douglas Landy ("Landy"), Kim Dean ("Dean"), and Clifton Springs Hospital ("Clifton Springs") violated Plaintiff's constitutional rights. (Dkt. 8). Plaintiff asserts that Landy called law enforcement to interview Plaintiff while Plaintiff was under the influence of medication, and that both

Landy and Dean attended Plaintiff's interrogation by Blackerby without saying anything. (*Id.* at 4-10). Plaintiff also alleges that Clifton Springs is liable because it employed Landy and Dean, and allowed them to "give opinions [about a] patient without sufficient basis." (*Id.* at 9). Plaintiff prays for monetary damages from each of these three Defendants. (*Id.* at 12).

The Court assumes Plaintiff brings his constitutional claims[2] against Landy, Dean, and Clifton Springs under 42 U.S.C. § 1983. Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must demonstrate that the challenged conduct was "committed by a person acting under color of state law," and "deprived [the plaintiff] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). "[T]he core purpose of § 1983 is to provide compensatory relief to those deprived of their federal rights by state actors." *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 795 (2d Cir. 1999) (internal citations omitted). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power

---

[2] The Court also construes Plaintiff's claims as asserting state law claims against Landy, Dean, and Clifton Springs, as discussed further below.

possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Carlos v. Santos*, 123 F.3d 61, 65 (2d Cir. 1997).

A hospital which is owned and administered by a private corporation can be a "state actor" for purposes of § 1983. *Kia P. v. McIntyre*, 235 F.3d 749, 756 (2d Cir. 2000). "[C]onduct that is formally 'private' may become so entwined with governmental policies or so impregnated with a governmental character as to become subject to the constitutional limitations placed upon state action." *Perez v. Sugarman*, 499 F.2d 761, 764 (2d Cir. 1974) (quoting *Evans v. Newton*, 382 U.S. 296, 299 (1966)). A private hospital is a state actor when "(1) the State compelled the conduct [the 'compulsion test'], (2) there is a sufficiently close nexus between the State and the private conduct [the 'close nexus test' or 'joint action test'], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State [the 'public function test']." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (quoting *Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009)) (alterations in original).

Plaintiff's complaint leaves open questions as to whether Landy, Dean, and Clifton Springs are state actors for purposes of § 1983. It is unclear whether Clifton Springs is a private entity or a state or municipal facility. Further, it is unclear whether Landy or Dean called Blackerby to interview Plaintiff out of a legal obligation to do so, or for some other reason. Resolution of these matters is better addressed after Landy, Dean, and Clifton Springs have appeared in the case. *See Nance*, 912 F.2d at 607. As a result, for the purposes of screening the second amended complaint pursuant to §1915(e),

Plaintiff's constitutional claims against Landy, Dean, and Clifton Springs will be allowed to proceed.

C. <u>Plaintiff's Claims</u>

Plaintiff makes nine claims. The Court addresses each in turn.

1. <u>False Arrest</u>

Plaintiff's first claim is for "false arrest." Plaintiff asserts that he was arrested by Blackerby for "a crime that was never committed." (Dkt. 8 at 3).

Claims for malicious prosecution and false arrest/false imprisonment may be brought pursuant to § 1983 because they implicate the Fourth Amendment's protection of an individual's liberty interest with respect to criminal prosecutions. *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 115 (2d Cir. 1995). Plaintiffs bringing such claims must meet the state law requirements for the underlying torts, *Manganiello v. N.Y.C.*, 612 F.3d 149, 161 (2d Cir. 2010), and "show some deprivation of liberty consistent with the concept of 'seizure'" sufficient to implicate the Fourth Amendment. *Singer*, 63 F.3d at 116.

"To state a claim for false arrest under New York law, a plaintiff must show that '(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'" *Savino v. N.Y.C.*, 331 F.3d 63, 75 (2d Cir. 2003) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)).[3]

---

[3] Plaintiff's claims against Blackerby pursuant to *Bivens* and against Landy, Dean, and Clifton Springs under § 1983 can be analyzed similarly. "*Bivens* actions are not significantly dissimilar to claims brought under . . . [§] 1983 in terms of the interests being protected, the relief which may be granted, and the defenses which may be

As a threshold matter, only those events occurring pre-arraignment are properly considered part of Plaintiff's false arrest claim, as opposed to his malicious prosecution claim. As explained by the Supreme Court, a false arrest claim "consists of detention without legal process. . . ." *Wallace v. Kato*, 549 U.S. 384, 389 (2007). As a result, the false arrest ends once the [arrestee] is arraigned and subject to legal process, and thereafter any claim of unlawful detention forms part of the entirely separate tort of malicious prosecution. *Id.* at 389-390.

> "If there is a false arrest claim, damages for that claim cover the time for detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself."

*Id.* at 390 (citation omitted).

Plaintiff alleges that Blackerby arrested Plaintiff without the privilege to do so because Plaintiff had not committed any crime. Plaintiff's allegations are sufficient at this stage to pass muster under § 1915(e).

### 2. First Amendment Claim

Plaintiff's second claim is for an alleged violation of his First Amendment right to free speech. Plaintiff asserts that Blackerby, Landy, and Dean took his words out of context and "manipulated [them] into the criminalization of [his] thoughts." (Dkt. 8 at 4). Plaintiff asserts that Blackerby and Landy knew that Plaintiff was medicated at the time he was questioned, but that they chose to "interrogate" him anyway. (*Id.*).

---

asserted." *Chin v. Bowen*, 833 F.2d 21, 23 (2d Cir. 1987). "Because the two actions share the same 'practicalities of litigation,' federal courts have typically incorporated § 1983 law into *Bivens* actions." *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995).

Plaintiff seems to raise a First Amendment retaliation claim. "To state a First Amendment retaliation claim, a plaintiff must establish that: (1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 272 (2d Cir. 2011).

Plaintiff was prosecuted for threatening the life of the President of the United States. A statement which is a "true threat" to the life of the President is not protected speech under the First Amendment. *Watts v. United States*, 394 U.S. 705, 707-08 (1969); *see, e.g.*, *United States v. Francis*, 164 F.3d 120, 122 (2d Cir. 1999). On the other hand, Plaintiff denies that any statements he made were "true threats" and, in fact, the jury in the criminal case acquitted Plaintiff. As a result, at least for screening purposes, Plaintiff's claim of First Amendment violations may proceed.

### 3. Malicious Prosecution

Plaintiff's third claim alleges malicious prosecution by Blackerby and Landy. Plaintiff claims that Blackerby and Landy "both testified [he] was a threat to the community and [he] was prosecuted with the information they provided to the court, grand jury and U.S. Attorney's Office." (Dkt. 8 at 5).

"Under New York law, 'the elements of an action for malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice.'" *Savino*, 331 F.3d at 72 (quoting *Colon v. N.Y.C.*, 60 N.Y.2d 78, 82 (1983)).

Here, Plaintiff was prosecuted for making threats against the President. He was acquitted by a jury. Plaintiff asserts that he was under the influence of medication at the time he made the alleged threats, and that both Blackerby and Landy were aware of that fact but chose to report Plaintiff's statements to the grand jury and the U.S. Attorney's Office anyway. Plaintiff's allegations can be read liberally to assert a claim that there was no probable cause for Plaintiff's prosecution, and that Blackerby and Landy acted with malice in reporting his statements. Plaintiff's third claim is sufficiently pled.

4. **False Imprisonment**

Plaintiff's fourth claim asserts that Blackerby, Dean, and Landy falsely imprisoned Plaintiff during the interrogation that led to Plaintiff's prosecution. (Dkt. 8 at 6). Plaintiff states that he "was in no condition to be interviewed." (*Id.*). Landy and Dean allegedly "said nothing or did nothing to help" even though they knew Plaintiff was medicated and in a state of psychosis during the interview. (*Id.*).

The standards regarding claims for false arrest and false imprisonment are identical. *Hall v. Brown*, 489 F. Supp. 2d 166, 173 (N.D.N.Y. 2007) ("In terms of § 1983, [false arrest and false imprisonment] are treated as a single tort."). Here, as with the false arrest claim, Plaintiff's allegations are sufficient to proceed to service. Reading Plaintiff's claims liberally, Plaintiff has alleged that he was confined during his interrogation, that he was conscious (though medicated) during the interrogation, that he did not consent to the confinement, and that his confinement was not privileged.

### 5. Plaintiff's Fifth and Sixth Claims

Plaintiff's fifth claim asserts a general tort claim against Blackerby and Landy arising from his incarceration. (Dkt. 8 at 7). Plaintiff's sixth claim raises a "loss of liberty" claim against all Defendants. (*Id.* at 8).

Liberally interpreted, Plaintiff's allegation of improper post-arraignment incarceration is properly treated as arising under a malicious prosecution claim. *See Wallace*, 549 U.S. at 389 (holding that once the defendant is arraigned and subject to legal process, any claim of unlawful detention properly falls under a malicious prosecution claim). Interpreted as such, and consistent with the above malicious prosecution claim, Plaintiff's fifth and sixth claims may proceed to service.

However, to the extent that Plaintiff seeks damages for an injury which occurred while he was in the custody of the U.S. Marshals Service (*see* Dkt. 8 at 7), such claim may not stand. Plaintiff has not named the Marshals Service as a Defendant in this action. And, as noted in the Court's prior Decision and Order, Plaintiff must exhaust administrative remedies against the Marshals Service before bringing any tort claim against it. (Dkt. 5 at 6-7). Strict adherence to this procedural requirement is required. (*See id.* at 7). As was the case with Plaintiff's original complaint, no evidence of exhaustion is attached to the second amended complaint. (*See* Dkt. 8). Therefore, Plaintiff fails to state a claim as to the injury while in Marshals Service custody.

### 6. Negligence

Plaintiff's seventh claim alleges negligence. (*Id.* at 9). While Plaintiff couches this claim as a civil rights claim, ordinary negligence is not cognizable under § 1983.

*Doe v. N.Y.C. Dept' of Soc. Servs.*, 649 F.2d 134, 143 (2d Cir. 1981). On the other hand, liberally construed Plaintiff appears to be asserting that his mental illness was negligently treated during his hospitalization at Clifton Springs—in essence, a claim under state law for negligence and/or medical malpractice. At least at this stage of the proceedings, the claim may proceed.

### 7. Defamation

Plaintiff next raises a defamation claim against all Defendants. (Dkt. 8 at 10). Plaintiff's allegations center on the publication details related to his prosecution in various media outlets, which Plaintiff claims "have negative information to never be retracted, that['s] a permanent reminder of me being a criminal. I never was." (*Id.*).

As with the negligence claim, Plaintiff contends that his defamation claim arises under federal law. (*Id.*). However, defamation is a creature of state law, "not of federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004). Defamation is only cognizable under the Constitution where a plaintiff can show "(1) the utterance of a statement 'sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false,' and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Id.* (citation omitted). "The state-imposed burden or alteration of status must be 'in addition to the stigmatizing statement.'" *Id.* (citation omitted).

Here, Plaintiff cannot show cognizable defamation under § 1983. Plaintiff does not claim that he is under a continuing state-imposed burden or alteration of his status or

rights. Plaintiff was acquitted of the charges which resulted from his interrogation by Blackerby. Allegations of damage to Plaintiff's reputation, without more, cannot support a constitutional claim.

In addition, in the event that Plaintiff is attempting to allege defamation under state law based on an incident from February 7, 2014, Plaintiff's claims fail because any such claim would be time-barred under the one-year statute of limitations applicable to a defamation claim. *See* N.Y. C.P.L.R. § 215(3); *see, e.g., Firth v. State*, 98 N.Y.2d 365, 368 (2002). New York has adopted the "single publication rule" which states that

> the publication of a defamatory statement in a single issue of a newspaper, or a single issue of a magazine, although such publication consists of thousands of copies widely distributed, is, in legal effect, one publication which gives rise to one cause of action and that the applicable statute of limitations runs from the date of that publication.

*Firth*, 98 N.Y.2d at 368 (quoting *Gregorie v. Putnam's Sons*, 298 N.Y. 119, 123 (1948)); *see, e.g., Nussenzweig v. diCorcia*, 9 N.Y.3d 184, 188 (2007). Thus, the continuing availability of any alleged defamatory statement, online or otherwise, does not toll the statute of limitations, *see id.*, absent republication of the same. *Rinaldi v. Viking Penguin, Inc.*, 52 N.Y.2d 422, 434-35 (1981).

Similarly, Plaintiff's arrest does not toll the statute of limitations. "New York law provides for tolling of statutes of limitations on a number of grounds. *See, e.g.,* [N.Y. C.P.L.R.] §§ 204(a) (stay of action by court or statutory prohibition), 207 (defendant's absence from state), 208 (infancy or insanity of plaintiff). Being arrested does not satisfy any of these tolling provisions." *Lucas v. Novogratz*, No. 01 Civ. 5445(GEL), 2002 WL 31844913, at *6 (S.D.N.Y. Dec. 18, 2002).

Thus, Plaintiff's defamation claim must be dismissed.

### 8. Right to Privacy

Finally, Plaintiff claims Defendants violated his "Fourth Amendment Right to Privacy." (Dkt. 8 at 11). Plaintiff alleges that Defendants "knowingly and willfully" took away Plaintiff's right to privacy because they were "searching for information while [he] was ill and vulnerable." (*Id.*).

> Although the Constitution provides protection against certain kinds of government intrusions into personal and private matters, "the protection of a person's general right to privacy . . . is, like the protection of his property and his very life, left largely to the law of the individual states." *Katz v. United States*, 389 U.S. 347, 350-51 (1967). As the Court noted in *Katz*, "every governmental action interferes with personal privacy to some degree. The question in each case is whether that interference violates a command of the United States Constitution." *Id.* at [350] n.5.

*Contractors Against Unfair Taxation Instituted on New Yorkers v. N.Y.C.*, No. 93 CIV. 4718(KMW), 1994 WL 455553, at *8 (S.D.N.Y. Aug. 19, 1994). Here, Plaintiff points to no specific constitutional command violated by Defendants beyond those claims detailed above. As such, Plaintiff's general claim for violation of his privacy must be dismissed. *See id.* (dismissing a claim for a privacy violation where the plaintiffs failed to point to either a particular constitutional command or entitlement to relief).

## II. Plaintiff's Motion to Appoint Counsel

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants, *see, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23-24 (2d Cir. 1988), and the assignment of *pro bono* counsel in civil cases is within the trial court's discretion, *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The

court must evaluate "the merits of [the] plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Particular attention must be paid to the merits of the plaintiff's claim. *Id.* ("Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))).

Plaintiff has already been granted *in forma pauperis* status in this case. (Dkt. 5). Additionally, Plaintiff states that he has contacted "over 50 attorneys" attempting to find suitable counsel for his case. (Dkt. 7 at 1). As the Second Circuit has noted, "[t]he vast majority of litigation on behalf of personal claimants is financed initially by lawyers who accept the representation for a contingent fee in the expectation of being rewarded by a share of the winnings." *Cooper*, 877 F.2d at 173. Plaintiff's attempts to secure counsel, without success, weigh in favor of appointing counsel.

However, the Court finds that the Plaintiff has failed to show anything more than a remote possibility of success on the merits. Plaintiff faces significant substantive hurdles before seeing any recovery, and at this stage in the case, the record includes only allegations. No Defendant has even appeared in the matter. Plaintiff's ultimate success on the merits is far from certain. This weighs heavily against the appointment of counsel.

Balancing the factors set forth in *Cooper*, the Court finds that appointing counsel is inappropriate at this time, and Plaintiff's motion is denied without prejudice.

## CONCLUSION

For the foregoing reasons, the Court hereby

DISMISSES Plaintiff's defamation and right to privacy claims without prejudice pursuant to 28 U.S.C. § 1915(e);

DENIES Plaintiff's motion to appoint counsel (Dkt. 9) without prejudice; and

DIRECTS the Clerk of Court to file Plaintiff's papers, and to cause the United States Marshals Service to serve copies of the summons, second amended complaint, and this Decision and Order upon Defendants Blackerby, Landy, Dean, and Clifton Springs without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor.

SO ORDERED.

s/ Elizabeth A. Wolford
ELIZABETH A. WOLFORD
United States District Judge

Dated: April 14, 2017
Rochester, New York