UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RONNIE JOE PARKER,

         Plaintiff,

  v.

UNITED STATES et al.,

         Defendants.

_____

DECISION & ORDER

16-CV-6475W

## **MOTION TO APPOINT COUNSEL**

On July 8, 2016, *pro se* plaintiff Ronnie Joe Parker ("Parker") commenced this action against the defendants alleging violations of his rights while hospitalized at Clifton Springs Hospital. (Docket ## 1, 8, 10). Currently pending before this Court are two motions filed by Parker seeking appointment of counsel. (Docket ## 47, 64).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

  1.  Whether the indigent's claims seem likely to be of substance;

  2.  Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); see also *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider carefully the issue of appointment of counsel because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* Parker has not done so at this stage. Nor does Parker's case present any special reasons justifying the assignment of counsel. Although Parker

maintains that he "lacks knowledge of the law" (Docket # 64), the docket reflects that he has been able to participate in the litigation thus far by propounding written discovery requests and filing motions in an effort to compel responses (Docket ## 51, 52, 53, 54). On this record, Parker's requests for the appointment of counsel **(Docket ## 47, 64)** are **DENIED without prejudice to renewal** following the district court's decisions on the pending dispositive motions. (*See* Docket ## 26, 49).

One of Parker's motions also requested an extension of time to respond to the motion for summary judgment filed by several of the defendants. (Docket ## 49, 55, 64). That request **(Docket # 64)** is **GRANTED**. **The Court's motion scheduling order (Docket # 55) is modified as follows: plaintiff's response/opposition is due by December 6, 2018, and defendants' reply is due December 20, 2018.**

## DISCOVERY MOTIONS

Also pending before this Court are three motions related to discovery: the first was filed by counsel for defendant Joel Blackerby ("Blackerby") and seeks an order staying discovery (Docket ## 41, 42); the second and third were filed by Parker and seek, respectively, an order compelling defendants Douglas Landy ("Landy") and Kim Dean ("Dean") to provide further responses to interrogatories served on them (Docket # 51), and a protective order limiting discovery concerning Parker's "private and privilege[d] medical information not relevant to [this] case" (Docket # 52).

**Blackerby's Motion to Stay Discovery (Docket ## 41, 42)**

The following procedural history is relevant to Blackerby's motion for an order staying discovery. On September 6, 2017, Assistant United States Attorney Michael S. Cerrone entered a notice of appearance as counsel for defendant Blackerby. (Docket # 22). Two weeks earlier the Court had issued a scheduling order establishing various deadlines, including a deadline of March 9, 2018 for the completion of fact discovery and April 20, 2018 for the filing of dispositive motions. (Docket # 20). On December 18, 2017, Blackerby filed a motion to dismiss the complaint on multiple grounds, including qualified immunity. (Docket # 26). That motion remains pending before the district court.

On March 2, 2018, one week before the expiration of the fact discovery period, counsel for defendants Landy, Dean and Clifton Springs Hospital wrote to the Court to request a thirty-day extension of the discovery deadline; the letter noted that plaintiff Parker joined in the request. The request was granted, and the fact discovery deadline was extended until April 9, 2018. (Docket # 40). No other scheduling order deadlines were modified or extended. Four days later, on March 7, 2018, defendant Blackerby filed the instant motion to stay discovery. (Docket # 41). Blackerby urges the Court to stay discovery until the qualified immunity issue is determined. (Docket # 42). Parker opposes the stay. (Docket # 50).[1]

Although Blackerby's memorandum of law cites authority for the proposition that a stay of discovery is generally appropriate to permit the issue of qualified immunity to be determined on a dispositive motion (*see* Docket # 42 at 6-7), several considerations distinguish this case. First, by the time Blackerby filed a notice of appearance, a scheduling order had

---

[1] Parker's opposition was originally docketed incorrectly as his opposition to defendants' summary judgment motion; the docketing error has now been corrected to reflect that Parker's submission was made in opposition to Blackerby's motion for a stay. (*See* Docket # 50).

4

already issued, and Blackerby subsequently participated in some discovery, apparently without objection (Parker's deposition, for example), although the extent of the discovery exchanged between Parker and Blackerby is unclear (for example, as set forth below, the record is unclear as to whether Blackerby answered Parker's interrogatories). (*See* Docket # 56 at 2). In addition, although the schedule was already in place and provided for a seven-month period within which to complete discovery, Blackerby did not move for a stay until more than two months after the filing of his motion to dismiss and one month before the expiration of the deadline. No explanation has been tendered by Blackerby for the delay in seeking such relief.

Under these circumstances, the Court grants the motion to stay – except as to any interrogatory responses already served by Blackerby that Parker finds deficient, which Parker may pursue in accordance with the Court's directions in the following section – on the following condition: within ten days following the district court's determination of Blackerby's motion to dismiss, to the extent any claims remain pending against Blackerby, counsel for Blackerby must confer with Parker to discuss the discovery, if any, that both parties wish to pursue.[2] Counsel for Blackerby must promptly advise the Court in writing of the specific discovery sought and the timeframe – not to exceed forty-five days – requested for that discovery.

**Parker's Motion to Compel (Docket # 51)**

On April 23, 2018, Parker filed a motion to compel defendants to answer interrogatories propounded by him. (Docket # 51). Defendants Landy and Dean opposed the motion on the grounds that they had in fact answered the interrogatories, and they appended copies of their responses to their opposition papers. (*See* Docket # 60 at Exhibit B). Defendant

---

[2] If Blackerby has not already answered Parker's interrogatories, Blackerby must do so following the district court's decision on his dismissal motion as directed *infra*.

5

Blackerby opposed the motion on the grounds that it was premature because Parker had filed it before the expiration of the thirty-day response period provided by Fed. R. Civ. P. 33(b)(2). (Docket # 62). Indeed, counsel affirmed that the interrogatories were received at the same time as the motion to compel. (*Id.* at ¶ 7). The record does not make clear whether Blackerby subsequently responded or declined to do so in view of his motion for a stay.

Landy and Dean have responded to Parker's interrogatories and have interposed objections to a few. The record does not reveal which of the responses, if any, Parker believes to be deficient. Should Parker wish to pursue further responses, he must first communicate with counsel, identify the interrogatory responses he finds deficient and the reasons why, and confer with counsel in an effort to resolve the disputed interrogatories before filing a motion to compel. *See* Fed. R. Civ. P. 37(a)(1) ("The motion [for an order compelling discovery] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action").

Accordingly, if Parker wishes to challenge any interrogatory responses served by defendants, he must write to counsel by no later than **November 21, 2018** to identify the response(s) he finds deficient and the reasons why, and confer with counsel about those deficiencies by no later than **November 30, 2018**. If that conferral does not resolve the dispute(s), Parker may file a motion to compel by no later than **December 21, 2018**.

With respect to defendant Blackerby, in the event that he has already answered the interrogatories, Parker must follow the same procedure outlined above if he believes that any of the responses are deficient. In the event that Blackerby has not responded, his answers may be deferred until fourteen days following any decision by the district court denying his motion to dismiss.

**Parker's Motion for a Protective Order (Docket # 52)**

Parker's third motion seeks an order protecting from disclosure his "private and privilege[d] medical information not relevant to [this] case." (Docket # 52). As an initial matter, this dispute is not properly before the Court because plaintiff did not confer with counsel for defendant before filing the motion in order to determine if the dispute could be resolved. The Federal Rules of Civil Procedure require such a conferral before filing a discovery motion. *See* Fed. R. Civ. P. 26(c)(1) ("The motion [for a protective order] must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action").

The records that appear to be the subject of Parker's motion are mental health records from other facilities that predate his February 2014 hospitalization at Clifton Springs Hospital. Counsel are directed to discuss with Parker whether defendants intend to rely upon those records in this case and, if so, appropriate safeguards to limit public access to private and sensitive medical information and to restrict the use of such records to this litigation. The parties are directed to submit to this Court a proposed confidentiality order by no later than **November 30, 2018**. In addition, the Clerk of the Court is directed to seal Exhibits 3, 4, 5, 6, 8, 15, 16 to Docket # 49-2 from public access.

## CONCLUSION

For the reasons stated above, Parker's motions to appoint counsel (**Docket ## 47, 64**) are **DENIED without prejudice to renewal** following the district court's decisions on the pending dispositive motions and his request to extend his time to respond to the pending motion for summary judgment (**Docket # 64**) is **GRANTED. The Court's motion scheduling order**

(**Docket # 55**) is modified as follows: plaintiff's response/opposition is due by December 6, 2018, and defendants' reply is due December 20, 2018.**

Defendant Blackerby's motion to stay discovery (**Docket ## 41, 42**) is **GRANTED in part and DENIED in part** as set forth above. Parker's motion to compel (**Docket # 51**) is **DENIED without prejudice to renewal**. Specifically, if Parker wishes to challenge any interrogatory responses served by defendants, he must write to counsel by no later than **November 21, 2018**, to identify the response(s) he finds deficient and the reasons why, and confer with counsel about those deficiencies by no later than **November 30, 2018**. If that conferral does not resolve the dispute(s), Parker may file a motion to compel by no later than **December 21, 2018**. Finally, Parker's motion for a protective order (**Docket # 52**) is **DENIED**. The parties are directed to submit to this Court a proposed confidentiality order by no later than **November 30, 2018**. In addition, the Clerk of the Court is directed to seal Exhibits 3, 4, 5, 6, 8, 15, 16 to Docket # 49-2 from public access.

**IT IS SO ORDERED**.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
November 8, 2018